UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | Case No. 23-CR-35 (RC) |
| **CASEY TRYON-CASTRO AND MICAIAH JOSEPH,** | |
| **Defendants.** | |

### GOVERNMENT'S MOTION TO AFFIRM APPLICABILITY OF LOCAL RULES TO ALL PARTIES AND COUNSEL AND TO PROHIBIT COMMUNICATION WITH JURORS DURING AND AFTER TRIAL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully requests that the Court affirm the applicability of Local Criminal Rule 24.2(b) to all parties and counsel, and require any party seeking to speak with members of the jury after their discharge to show good cause in writing and obtain permission from the Court. The United States may object to any such request, and, to the extent any party or counsel is permitted to speak with jurors, will request that the examination be conducted in the presence of the Court and all parties and counsel.

Local Criminal Rule 24.2 governs communications with jurors in the United States District Court for the District of Columbia. First, during the trial, the Rule prohibits any direct or indirect communication with jurors, excused jurors, or jurors' family members. L. Cr. R. 24.2(a). This Court affirmed the applicability of this rule as applied to the jury members during preliminary instructions on June 3, 2024. Second, after trial, the Rule prohibits any communication with jurors unless an attorney or party first requests leave of court. L. Cr. R. 24.2(b). In that event, the Court must first "inform the jury that no juror is required to speak to anyone but that a juror may do so if the juror wishes." *Id*. If the Court is inclined to grant the request, it "may grant permission to

speak with a juror upon such conditions as it deems appropriate, including but not limited to a requirement that the juror be examined only in the presence of the Court." *Id*. The Local Rule, in short, allows the Court to carefully monitor counsel's and parties' efforts to speak with the jury.

The application of this Rule here is well founded. In July 2023, standby counsel for pro se defendant Micaiah Joseph, Kira West, spoke to jurors following a guilty verdict in a January 6 case. *United States v. Leo Kelly*, 21-cr-708 (RCL), ECF 118 (Defendant's Motion for New Trial). According to Ms. West, this conversation occurred in "the hallway on the sixth floor of the courthouse" with "at least 7 other jurors and … Ms. Cubbage" present along with Ms. West. *Id.* at 1. As reported by Ms. West, no representative from the government or the court was present for this conversation. *Id.* In moving for a new trial, Ms. West reported that she "was aghast" at a "clearly biased statement" from one of the jurors, and claimed that the juror "had not been forthcoming and honest" during voir dire. *Id.* Ms. West requested a new trial and a hearing to further inquire about what she asserted was the juror's "*per se* bias." *Id.* at 6.

In responding to Ms. West's claim, the government was at a grave disadvantage, because the encounter was "unrecorded[,]" "[n]o member of the prosecution team was present for this conversation nor, does it appear, that any member of the Court's staff took part." *Leo Kelly*, 21-cr-708 (RCL), ECF 122 (Government's Response), at 5. This made it impossible to "meaningfully probe the completeness of what happened[,]" including the exact content of the conversation, the tone, whether there was a misunderstanding, or further clarifications. *Id.*

The motion for a new trial in *Leo Kelly* was denied. 21-cr-708, ECF 131 (Memorandum Opinion, Aug. 16, 2023). But Ms. West's *ex parte* discussion with the jury nevertheless put the reliability of the verdict into question, and—undoubtedly at least in the eyes of some—undermined faith in the outcome of the trial. It also required briefing by the parties and a 15-page memorandum

opinion from the Court, all of which could have been avoided had Ms. West conducted any inquiry of the jurors in the presence of the Court and opposing counsel.

Furthermore, whether Ms. West in fact received permission from the Court before addressing the *Leo Kelly* jurors is in dispute. As Judge Lamberth concluded:

> Defense counsel asserts that the Court, acting ex parte, granted her permission to speak to jurors *ex parte*. *See* Def.'s Mot. [ECF 118] at 1. Under Local Criminal Rule 24.2, after the jury has been discharged, "no party or attorney shall speak with a juror concerning the case except when permitted by the Court for good cause shown in writing." LCvR 24.2(b). So, defense counsel has put the Court in the posture of having violated its own rules. The Court is troubled by defense counsel's claim that she received permission. Over the last ten years, this Court has never granted permission to counsel to speak with a jury that rendered a verdict. Although defense counsel "asked permission of the Court's law clerk and courtroom deputy [to speak to the jury]," and asserts that "[p]ermission was granted," defense counsel does not state by whom. Def.'s Mot. at 1.

*Id.*, ECF 131 at 6, n.2. In short, Ms. West's decision to speak to the jury *ex parte* and without Court supervision or involvement resulted in delay and detriment to the parties and the Court.

Local Rule 24.2 helps to avoid these problems by allowing the Court to closely monitor the parties' and counsel's post-trial interactions with the jury. Without meaningful conditions placed by this Court, any party's communications with jurors—particularly *ex parte* ones—run the risk of undermining credibility in the jury's verdict in ways that cannot be meaningfully remedied by this Court. For these reasons, the United States respectfully requests that the Court affirm that any party or counsel who wishes to communicate with a juror first provide good cause in writing,

3

receive express permission from this Court, and be permitted to communicate with a juror only in the presence of the Court and all parties and counsel.

                Respectfully submitted,

                MATTHEW M. GRAVES
                United States Attorney
                D.C. Bar No. 481052

By:    */s/ Kaitlin Klamann*
       KAITLIN KLAMANN
       Assistant United States Attorney
       IL Bar No. 6316768
       601 D Street NW
       Washington, D.C. 20530
       Kaitlin.klamann@usdoj.gov
       (202) 252-6778

       SARAH C. MARTIN
       Assistant United States Attorney
       Bar No. 1612989
       601 D Street NW
       Washington, D.C. 20530
       Sarah.Martin@usdoj.gov
       (202) 252-7048