UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CASEY TRYON-CASTRO,<br><br>Defendant. | Case No. 23-CR-35 (RC) |

**GOVERNMENT'S MOTION FOR HEARING TO SHOW CAUSE ON REVOCATION OF RELEASE ORDER**

The United States of America, by and through its undersigned attorney, respectfully moves the Court pursuant to 18 U.S.C. § 3148(b) to hold a hearing for defendant Casey Tryon-Castro to show cause why the release order in her case should not be revoked for violations of the terms of her pre-trial release. As set out below, there is probable cause to believe that Tryon-Castro committed additional crimes since her convictions in this case and Tryon-Castro cannot rebut the presumption of detention under the Bail Reform Act.

**PROCEDURAL BACKGROUND**

On January 12, 2023, Tryon-Castro was charged with felony and misdemeanor offenses relating to her actions at the U.S. Capitol on January 6, 2021. ECF No. 22. Tryon-Castro self-surrendered to law enforcement on January 17, 2023. ECF No. 25. On April 10, 2023, this Court entered a release order that set forth a number of conditions, including that she: (1) must report "as soon as possible" any arrests to the pretrial services or supervising officer; and (2) must not use alcohol excessively. ECF No. 84.

On September 6, 2023, Tryon-Castro, along with five co-defendants, were charged via Superseding Indictment. ECF No. 114. The charges against Tryon-Castro included two counts of assaulting, resisting and impeding police officers, in violation of 18 U.S.C. § 111(a), interfering

1

with police officers during a civil disorder, in violation of 18 U.S.C. § 231(a)(3), robbery of a shield from a police officer, in violation of 18 U.S.C. § 2111, and various misdemeanors. *Id.* On June 10, 2024, after a two-week jury trial, the jury found Tryon-Castro guilty of all counts against her. ECF No. 227. Following her conviction, Tryon-Castro was allowed to remain on release subject to conditions until her sentencing hearing, set for November 12, 2024. ECF No. 217.

## ALLEGED VIOLATION

On August 26, 2024, U.S. Pretrial Services filed a violation report regarding Tryon-Castro's recent arrest in Roanoke, Virginia. ECF No. 245. Specifically, the report states that Tryon-Castro was arrested on August 17, 2024, and charged with one count of public intoxication and two counts of assault on law enforcement. *Id.* According to Roanoke Police Department reports, officers responded to Dr. Pepper Park on August 17, 2024 after receiving a report of trespassing. *See* Roanoke Police Department report attached as Exhibit A (redacted). Upon arrival, officers were advised that Tryon-Castro had snuck into a concert and refused to leave. *Id.* at 1. When officers approached Tryon-Castro, they noticed she was "unsteady on her feet" and had the odor of alcohol on her breath. *Id.* at 2. Officers asked her name several times and Tryon-Castro eventually yelled back "none of your fucking business." *Id.* at 7. An officer then attempted to detain her, but she resisted and attempted to run away. *Id.* Officers restrained her and placed her under arrest. *Id.* She was then transported to the Roanoke City Jail. *Id.* According to the criminal complaint filed in the General District Court for Roanoke City, after Tryon-Castro arrived at the jail, correctional officers attempted to change Tryon-Castro's clothes. *See* Criminal Complaint, attached as Exhibit B (redacted). Tryon-Castro then became assaultive and attempted to bite one of the deputies on the leg. *Id.* at 2. Tryon-Castro then aggressively kicked another officer multiple times on her right knee, shoulder, and chin. *Id.*

On August 17, 2024, Magistrate Judge Goodwin signed warrants for Tryon-Castro's arrest, finding "probable cause to believe that the Accused committed the offense(s) charged," namely two charges of assault and battery of an officer (a felony) and one charge of public intoxication (a misdemeanor). *Id*. at 1, 3, and 4.

On August 28, 2024, the undersigned exchanged emails with Tryon-Castro's assigned U.S. Pretrial Services officer in Washington, D.C. and her assigned U.S. Probation officer in Roanoke, Virginia. According to the probation officer in Roanoke, he was alerted to Tryon-Castro's arrest on August 17, 2024 by Tryon-Castro's boyfriend. The probation officer visited Tryon-Castro two days later on August 19 and asked her about the arrest. Tryon-Castro told him she was arrested for being drunk in public. The probation officer subsequently obtained the arrest records and learned of the two additional charges against Tryon-Castro for assault and battery of law enforcement officers. The probation officer called Tryon-Castro on August 26, 2024 and asked her about the assault charges and Tryon-Castro claimed to not know anything about the charges until she went to her first hearing on the charges on August 22, 2024. Tryon-Castro claimed that she tried to call the probation officer on August 22, 2024 to let him know about the charges. The probation officer confirmed he had a missed call from Tryon-Castro that day but when he tried to call her back, she did not answer.

## LEGAL STANDARD

Under 18 U.S.C. § 3148(a), "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to revocation of release." Upon the government's motion to revoke a release order, such as the instant motion, "[a] judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release." 18 U.S.C. § 3148(b). Once before the Court:

> [t]he judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer –
>
> (1) Finds that there is – (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) Finds that – (A) based on the factors set forth in section 3142(g) … , there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release.

*Id.* Significantly, "[i]f there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, *a rebuttable presumption arises* that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." *Id.* (emphasis added).

## ARGUMENT

The Court should set a hearing for the defendant to show cause why her release order should not be revoked. As set out above, only about six weeks after her convictions here in federal court for assaults against law enforcement, robbery of a law enforcement officer, and interfering with law enforcement during a civil disorder, Tryon-Castro appears to have committed additional crimes of violence against law enforcement. In fact, her alleged actions on August 17, 2024, are eerily similar to her actions on January 6, 2021: trespassing followed by violent resistance to police. Under these circumstances, an order of revocation of release and detention should be entered pursuant to multiple provisions of the Bail Reform Act.

Specifically, revocation is appropriate under all three prongs of the Bail Reform Act. First, revocation is necessary pursuant to section 3148(b)(1)(A) because, as a magistrate judge in Roanoke has already found, there is probable cause to believe Tryon-Castro has committed two additional felonies and one additional misdemeanor while under the supervision of this Court.

4

According to the sworn statement of a Sergeant from the Roanoke City Sheriff's Office, Tryon-Castro attempted to bite a deputy on the leg and kicked the Sergeant multiple times on her knee, at least once on her shoulder and once on the chin. *See* Exhibit B at 2. This sworn testimony is sufficient to establish probable cause that Tryon-Castro in fact committed the felonies of assaulting and battering Sheriff's Office employees in violation of Section 18.2-57 of the Code of Virginia.

Revocation is also appropriate under section 3148(b)(1)(B) because there is clear and convincing evidence that Tryon-Castro violated at least two other conditions of her release, namely: (1) not to use alcohol excessively; and (2) to report arrests as soon as possible to U.S. Pretrial Services. The arrest reports from Roanoke Police Department include the accounts of two different police officers who encountered Tryon-Castro on August 17, both of whom describe Tryon-Castro as engaging in behavior consistent with intoxication. For example, one officer described her as "unsteady on her feet" and having the "odor of Alcoholic beverage on her breath." Exhibit A at 2. The second officer described Tryon-Castro as "yelling and arguing," responding to the officer's request for her name by yelling "none of your fucking business," and trying to run away from officers requiring restraint tactics. *Id.* at 7. The officers' descriptions of Tryon-Castro are clearly consistent with excessive use of alcohol, in violation of her pretrial release conditions.

As set out above, Tryon-Castro also failed to notify her supervisory officers of her arrest in violation of her release conditions. First, she failed to notify them after she was arrested on August 17. Instead, her boyfriend (who is currently on trial for January 6 related conduct) notified U.S. Probation in Roanoke. Then, when the probation officer confronted Tryon-Castro two days later, Tryon-Castro only reported that she was arrested for being drunk in public, conveniently leaving out her assaults of police officers. Tryon-Castro claimed she didn't know she was charged with assaulting police officers until her hearing on August 22 and said she tried to alert her

probation officer on that same day. But when the probation officer returned her phone call, she didn't answer and never tried again to report the charges until the officer spoke to her four days later on August 26. Thus, Tryon-Castro failed to notify her probation officer of her arrest not just once but twice, in violation of her release conditions.

Finally, section 3148(b)(2) provides the Court with a third basis to revoke Tryon-Castro's bond because the circumstances of her recent arrest, combined with her actions on January 6, 2021, show that there is no condition or combination of conditions that can ensure the safety of the community and/or Tryon-Castro's compliance with the conditions of her release. Tryon-Castro committed the release violations and alleged new crimes not only in violation of the release order put in place by this federal court, but she also brazenly engaged in shockingly similar alleged criminal conduct mere weeks after her convictions on serious felony and misdemeanor charges in this Court. Thus, a federal court order, recent convictions for federal violent felonies and the likelihood of pending incarceration were all insufficient to deter her from reoffending and attacking law enforcement again. Clearly Tryon-Castro cannot be deterred from committing additional crimes or made to follow her release conditions. Under those circumstances, her release order should be revoked and she should be detained pending sentencing.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court set a hearing, pursuant to 18 U.S.C. 3148(b), for Tryon-Castro to show cause why her release order should not be revoked and why she should not be detained pending sentencing in this case.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

By:     */s/ Kaitlin Klamann*
KAITLIN KLAMANN
Assistant United States Attorney
IL Bar No. 6316768
601 D Street NW
Washington, D.C. 20530
Kaitlin.klamann@usdoj.gov
(202) 252-6778

SARAH C. MARTIN
Assistant United States Attorney
D.C. Bar No. 1612989
601 D Street NW
Washington, D.C. 20530
Sarah.Martin@usdoj.gov
(202) 252-7048