UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 23-CR-35-1 (RC) |
| CASEY TRYON-CASTRO, | |
| Defendant. | |

GOVERNMENT'S RESPONSE TO DEFENDANT CASEY
TRYON-CASTRO'S LATE-FILED SENTENCING MEMORANDUM[1]

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to defendant Casey Tryon-Castro's sentencing memorandum (ECF No. 284) in the above-captioned matter. As set out below, the government contests the defendant's arguments in her sentencing memorandum regarding the status of her pending assault charges and her calculation of the applicable Guidelines range, including the application of USSG § 3C1.1 for obstruction of justice.

**I.      The Defendant's Pending Assault Charges Have Not Been Dismissed.**

In her sentencing memorandum, the defendant claims, "on November 13, her pending charges related to arrest in Roanoke, were dismissed." ECF No. 284 at 3. That is not true. On November 19, 2024, the undersigned had a phone call with United States Probation Officer Sean Sweeney in Roanoke, Virginia, who confirmed that the public intoxication charge against Ms.

---

[1] Defendant Tryon-Castro filed her sentencing memorandum 17 days after the deadline for sentencing memoranda and 11 days after the deadline for responses to sentencing memoranda. The government is therefore necessarily filing its response to the defendant's memorandum after the deadline but less than 24 hours after the filing of defendant's memorandum.

Tryon-Castro was dismissed on November 12, 2024 (see Exhibit A (redacted)), but that the two

pending felony assault charges were not. In fact, a trial has been scheduled on those charges for

December 16, 2024. *See* Exhibit B (redacted). The United States Probation Officer confirmed that

he called the clerk's office of the Circuit Court on the same day and the clerk's office verified that

nothing had been received to indicate that the assault charges have been or will be dismissed.

> **II.**      **The Defendant's Guidelines Calculation is Erroneous and Blatantly Disregards the Requirements of the United States Sentencing Guidelines.**

Tryon-Castro argues that the following Guidelines calculation applies in this case:

Base Offense Level: 2A2.4(a) – Obstructing or Impeding Officers      **10**

Specific Offense Characteristic: 2A2.4(b)(1)(A) - Physical Contact      **+3**

Chapter 3 Adjustment: 3A1.2(b) - Official Victim      **+6**

TOTAL OFFENSE LEVEL:      **19**

Applicable Guidelines range:      **30-37 months**

This calculation is erroneous because it does not account for the defendant's multiple

convictions at trial but instead appears to selectively choose a single Guideline that is the most

advantageous to the defendant without regard for the actual evidence or the jury's findings. Simply

put, the defendant's calculation asks the Court to ignore seven of her convictions, the jury's finding

that she committed aggravated assaults against officers., and her false testimony at trial. Instead,

the Court should adopt the government's or U.S. Probation's Guidelines calculation which

includes every applicable Guideline for each conviction and results in a range of 70-87 months'

incarceration.[2]

### III.    The Defendant Obstructed Justice by Testifying Falsely Under Oath.

It is irrefutable that the defendant lied under oath when she testified that she: (1) was not pushing against officers; and (2) did not know she was pulling a shield away from a police officer.

U.S.S.G. § 3C1.1 provides a two-level sentencing enhancement where "(1) the defendant willfully obstruct[s] or impede[s], or attempt[s] to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct relate[s] to (A) the defendant's offense of conviction and any relevant conduct; or (B) closely related offense." Application Note 2 suggests that this may include "a denial of guilty under oath that constitutes perjury."

At trial, the defendant told the jury under oath that despite her clear statements that "I'm pushing!", she was not, in fact, pushing against the police but was following the instructions of the officer immediately in front of her. 6/6/2024 Trial Transcript 18:3-13l; 64:15-22. But the officer against whom the defendant was pushing at this time was Sergeant Gonell who claims that, far from telling the defendant to come closer to him, he told her, "you need to get out." Exhibit C, victim impact statement by former United States Capitol Police Sergeant Aquilino Gonell. MPD Sergeant Imbrenda also testified at trial that it hindered the police when rioters were located in the area where the defendant ended up. *Id.* at 109:19 to 110:15. The clear conclusion then is that the

---

[2] The government objects to the PSR's calculation of the Guidelines with respect to the base offense levels for the defendant's convictions on Counts Four, Seven and Fourteen. However, the disagreement with respect to the applicable base offense Guidelines does not ultimately affect the applicable Guidelines range, which is 70 to 87 months under both calculations.

defendant was not told by police to come closer to them. Ultimately, this Court should take the defendant at her word at the time of the offense that she was, in fact, pushing, and find that her contrary claims under oath were false.

The defendant also lied when she testified about stealing Sergeant Nguyen's police shield. Initially, the defendant claimed that she didn't remember the incident with the shield. *Id.* at 9:22 to 10:4; 11:22-24. On cross-examination, she then claimed that at the time she believed the shield belonged to a fellow "protester" and that she was helping him to keep possession of it. *Id.* at 75:14-18. She denied knowing that a police officer was pulling the shield. *Id.* at 75:19 to 76:10. However, at that point in time, the defendant had been inside the Lower West Terrace tunnel for about twenty minutes. She had clearly seen officers with shields in the tunnel during that time. Her claims under oath that she didn't know the shield belonged to the police and didn't know that it was being held by a police officer at the time she was forcefully yanking it away, are irrefutably false based on the evidence of what she saw in the tunnel prior to the robbery and the circumstances of the robbery itself.

While the defendant undoubtedly made additional false statements under oath, the Court can and should apply the two-level enhancement for obstruction of justice pursuant to 3C1.1 for at least these two clear and material lies.

## IV.      Conclusion

For the reasons set forth above and in the government's sentencing memorandum, the government recommends that the Court impose a sentence of 80 months' incarceration, three years of supervised release, $2,000 in restitution and a $485 special assessment.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY


BY:     */s/ Kaitlin Klamann*
KAITLIN KLAMANN
Assistant United States Attorney